LILLA L. WHITE, Respondent, *v.* MILTON S. PRICE *et al.*,
Appellants.

*Court of Appeals, February* 28, 1888.

Affirming same case, 39 Hun, 394.

1. *Parties.*—A nun, who, on uniting with a society, assents to a regula-
   tion that property of the members belongs to the society, does not
   thereby, it seems, make any transfer effectual even between the
   parties, and may subsequently bring an action upon an existing
   claim.
2. *Evidence. Secondary.*—In order to show that the plaintiff was not
   the owner of the claim sued on, parol evidence that whatever prop-
   erty the members of her order had on joining the society, then
   belonged, under written regulations, to the society, was secondary,
   and, under objection, properly excluded.

Appeal from a judgment of the general term of the su-
preme court, affirming a judgment in favor of the plaintiff,
entered upon the decision of the court.

*Louis Marshall,* for appellants.

*William G. Tracy,* for respondent.

DANFORTH, J.—The opinion of the court at special term,
and the opinion of the general term on appeal from its
decision (39 Hun, 394), sufficiently justify the judgment
now before us, unless the trial court erred in rejecting,
against the objection of the defendant, certain evidence
which, as the appellant now contends, would show that the
plaintiff had parted with all her interest in the property
involved in this action. The testimony of the plaintiff,
taken before the trial, shows, among other things, that she
was a nun of the Roman Catholic church, " and a member
of the Society of the Sacred Heart." Upon cross-examina-
tion by defendant's counsel she said: " Everything is in

common with us, nothing belonging to ourselves." Asked : " Is there any condition as to the distribution of property belonging to one entering the sisterhood?" The plaintiff objected as immaterial and incompetent and she said : " Whatever property we have after our vows are taken, belongs to the society." She also stated that the regulations in regard thereto were printed, that each member had a copy, and that she, in joining the society, agreed to " perform all the regulations laid down in the order." The objection was renewed, " that the evidence is inadmissible on the ground that it is secondary, the regulations being in writing." She stated that she brought the action because " I thought it was my duty to the society to which I belonged to do it."

The testimony indicates only that so far as might be she had ceased to be earthly-minded and, with a desire to be wholly occupied with her future obligations, was willing to devote her substance to the interest of the order to which she belonged. It fails to prove any transfer effectual even between the parties, and goes no farther than to show a subjection of her will, but no manifestation of it by any legal or valid form. No transfer of title was established, if we take her words in the broadest sense. But in any view the objection that better evidence existed as to what she had really done, was a good one, and the trial judge committed no error in sustaining it. The plaintiff's cause of action was meritorious, her resort to a court of equity necessary ; the points made against her recovery are, in view of the consideration already given to them by the court of original jurisdiction and by the general term, invalid, and suggest no reason for a continuance of the litigation.

The judgment appealed from should, therefore, be affirmed.

All concur, except RUGER, Ch. J., not sitting.